Filed 3/7/13  P. v. Singh CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C071309 |
| Plaintiff and Respondent, | (Super. Ct. No. CM034516) |
| v. | |
| BALRAJ SANGHERA SINGH, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Balraj Sanghera Singh has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

---

[1]    Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

1

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On May 8, 2011, defendant walked onto the victim's property, climbed onto an all terrain vehicle and drove away. The victim and two of his employees gave chase as defendant recklessly sped away. Defendant shouted obscenities and refused to stop, nearly causing an accident on a highway. Defendant drove into a barn, where the victim and his employees were able to block him in. Defendant attempted to flee on foot and struck the victim in the face. After a brief scuffle, the victim and his employees were able to physically restrain defendant until law enforcement officers arrived.

When officers arrested and searched defendant, they found concentrated cannabis and a hypodermic needle in his possession. Defendant was agitated and, while inside the patrol car, he started banging his head on the back window. He appeared to be under the influence of a drug.

On January 10, 2012, defendant pleaded no contest to vehicle theft (Veh. Code, § 10851, subd. (a)) and being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)). He also admitted he had served three prior prison terms within the meaning of Penal Code section 667.5, subdivision (b). In exchange for his plea, additional charges, a prior strike allegation, and a separate case were dismissed.

Over the People's objection, the trial court agreed to postpone sentencing for at least six months to permit defendant to enter and demonstrate success in a residential treatment program. Defendant failed to appear as ordered on February 7, 2012, and had not enrolled in residential treatment. A warrant was issued for his arrest.

On May 15, 2012, the trial court sentenced defendant to the upper term of three years for vehicle theft (Veh. Code, § 10851, subd. (a)), a concurrent one year for being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)), and three consecutive one-year terms for the prior prison terms (Pen. Code, § 667.5, subd. (b)), for an aggregate term of six years in state prison. The trial court ordered

defendant pay various fines and fees and awarded him 235 days of presentence custody credit.  (Pen. Code, § 4019.)

Defendant appeals.  He did not obtain a certificate of probable cause.  (Pen. Code, § 1237.5.)  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

NICHOLSON    , Acting P. J.

We concur:

BUTZ    , J.

MAURO    , J.